19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John W. PEROTTI, Plaintiff-Appellant,
Jay Hill; Rick McDaniel, Plaintiffs,
v.
Reginald WILKERSON, et al., Defendants-Appellees.
 Nos. 93-3630, 93-3669.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 John W. Perotti, an Ohio prisoner proceeding without benefit of counsel, appeals a district court order dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This case began as a prisoner civil rights suit under 42 U.S.C. Sec. 1983, in which Perotti and two other prisoners alleged violations of their constitutional rights. Perotti negotiated a settlement with state authorities. He agreed to dismiss the complaint in exchange for the satisfaction of certain conditions.
 
 
 3
 The district court conducted a hearing on May 13, 1993. At that hearing, evidence was presented that the plaintiffs' revised proposed terms for settlement had been met. Thus, the district court concluded that the settlement agreement was valid and binding on the parties and dismissed the case on the basis that an agreement had been reached. On appeal, Perotti argues that he never agreed to dismiss his underlying civil rights suit.
 
 
 4
 Upon review, we conclude that the district court properly dismissed the case. Obligations under a settlement agreement are those derived from the agreement itself and the principles of contract law. The district court possesses inherent power to enforce agreements between the parties in settlement of litigation pending before the court. Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 152 (6th Cir.), cert. denied, 113 S.Ct. 194 (1992). In determining whether a settlement agreement is a valid contract, the district court should refer to state substantive law. Id. The determination of whether a settlement agreement is a valid contract is a finding of fact which will not be set aside unless clearly erroneous. See Bobbie Brooks, Inc. v. International Ladies' Garment Workers Union, 835 F.2d 1164, 1168 (6th Cir.1987).
 
 
 5
 At a district court hearing held on May 13, 1993, Perotti conceded that all but two of his conditions for settlement had been met. With respect to the two remaining conditions, the district court told Perotti that no costs or monetary award would be ordered by the court and that his supervision status could be reviewed as agreed; however, a reduction in his supervision status could not be guaranteed. In the end, the district court asked if Perotti would agree to dismiss the case if he was guaranteed a hearing on his supervision status. Perotti orally agreed.
 
 
 6
 Accordingly, the district court's conclusion that the parties reached a valid and binding settlement agreement is not clearly erroneous, and the order dismissing Perotti's complaint is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Furthermore, Perotti's motion to add Jay Hill as a named appellant in this case, his motion for costs, and his motion for the appointment of counsel are denied.